UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO TRANSFER (Filed November 23, 2016, Dkt. 15)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 30, 2017, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On May 5, 2016, plaintiffs Graham Farrar and Jack Sears filed this action in Santa Barbara County Superior Court against defendants Cupcake Digital, Inc. ("Cupcake"), Bradley Powers, and Does 1-20. Dkt. 1, Ex. A ("Compl."). Plaintiffs allege ten claims, namely, (1) declaratory relief; (2) breach of contract; (3) accounting; (4) unfair competition, pursuant to California Business and Professions Code § 17200 et seq.; (5) fraud; (6) negligent misrepresentation; (7) unpaid wages, pursuant to California Labor Code §§ 200, 201, 218.5, and 227.3; (8) unpaid minimum wages, pursuant to California Labor Code §§ 218.6, 1194, and 1194.2; (9) failure to timely pay wages at termination, pursuant to California Labor Code §§ 201-203; and (10) pay stub violations, pursuant to California Labor Code § 226.

On May 27, 2016, Powers was served with the complaint. Powers Decl. ¶ 2. On June 27, 2016, Powers filed a notice of removal to this Court on the basis of diversity jurisdiction and Cupcake filed a joinder in the removal. Dkt. 1, 4. On September 28, 2016, the parties filed a joint stipulation to stay the proceedings pending the outcome of Defendants' Motion to Transfer Venue. Dkt. 12.

On November 23, 2016, defendants filed the instant motion to transfer this case to the Southern District of New York. Dkt. 15 ("Mot."). Plaintiffs filed their opposition on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

January 9, 2017, dkt. 16 ("Opp'n"), and defendants filed their reply on January 13, 2017, dkt. 17 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege that defendants, their former employer, have failed to make various payments owed to plaintiffs under their employment agreements.

Both Farrar and Sears are residents and citizens of California. Farrar Decl. ¶ 2; Sears Decl. ¶ 2. Cupcake is a corporation that is organized under the laws of Delaware and with a principal place of business in New York. Powers Decl. ¶ 2. Brad Powers is the Chairman of Cupcake and a citizen of New York. Powers Decl. ¶ 1, 4.

In 2009, plaintiffs co-founded a company which was later converted in 2011 to Zuuka, Inc. ("Zuuka"), a Delaware corporation with a principal place of business in California. Farrar Decl. ¶¶ 3-4; Sears Decl. ¶¶ 3-4.

In 2013, Cupcake began negotiations with plaintiffs to acquire Zuuka. Powers Decl. ¶ 5. In February 2014, Cupcake acquired Zuuka along with its California office and five full-time employees. Farrar Decl. ¶¶ 5-6; Sears Decl. ¶¶ 5-6. Cupcake also hired plaintiffs as executive-level employees and members of its Senior Management Team. Powers Decl. ¶¶ 5-6.

Defendants claim plaintiffs and "their lawyers" negotiated the terms of plaintiffs' employment with Cupcake in late 2013 and early 2014 in person in New York and over the phone. Powers Decl. ¶ 7. In mid-February, both plaintiffs reviewed and signed their employment agreements digitally in California. Farrar Decl. ¶ 10; Sears Decl. ¶ 10; Mot. Exs. A-B. Both agreements contained a provision in which the parties consented to the jurisdiction and venue of federal and state courts located in the state of New York. Powers Decl. ¶ 10; Mot. Exs. A-B.

During their employment, plaintiffs worked in both California and New York. Powers Decl. ¶ 12. Plaintiffs claim that around 90% of their performances under the employment agreements took place in California. Farrar Decl. ¶ 13; Sears Decl. ¶ 13. Plaintiffs state that they rarely worked in New York and that each plaintiff went to New

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

York on approximately ten trips consisting of a few days approximately every other month. Farrar Decl. ¶¶ 12, 16; Sears Decl. ¶¶ 12, 16. Plaintiffs also claim they attended several meetings with Cupcake over the phone and through Skype. Farrar Decl. ¶ 14; Sears Decl. ¶ 14. Defendants claim that all high level meetings took place in New York. Powers Decl. ¶ 14.

Plaintiffs claim that, at the end of August 2015, defendants notified plaintiffs they would not be able to pay employees because defendants did not have sufficient money. Farrar Decl. ¶ 18; Sears Decl. ¶ 18. On September 11, 2015, plaintiffs signed written agreements in California to accept partial deferment of their salaries for the pay period from September 1 through 15, 2015, receive minimum wage during the 15 day period, and have the difference in pay become due within 90 days. Farrar Decl. ¶ 18; Sears Decl. ¶ 18. Plaintiffs claim that defendants continued to give work to plaintiffs with assurances that plaintiffs would subsequently be paid; however, according to plaintiffs, defendants stopped paying plaintiffs on September 15, 2015. Farrar Decl. ¶ 19; Sears Decl. ¶ 19. Plaintiffs allege that, on or around November 21, 2015, they were terminated. Compl. ¶ 15.

### III. LEGAL STANDARDS

A district court where venue is otherwise proper may nonetheless transfer an action pursuant to 28 U.S.C. § 1404(a), which provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Therefore, in deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court must consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id.; see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof ... [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000); see also Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4, 2006 WL 4568799 (C.D. Cal. 2006).

     The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–279 (9th Cir. 1979). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV.   DISCUSSION

###     A.    Venue is Proper in the Southern District of New York

     The threshold inquiry for a court on a motion to transfer venue is whether the action could have been brought in the transferee court or whether the parties have consented to the district or division. See 28 U.S.C.A. § 1404(a). To satisfy this requirement, defendants must first demonstrate that this action could have been brought before the District Court for the Southern District of New York or that plaintiffs have consented to venue in the Southern District of New York.

     The parties disagree over whether venue would be proper in the Southern District of New York. Much of the parties' arguments is directed at whether or not a forum selection clause in plaintiffs' employment agreements is enforceable. The forum selection clause at issue provides:

     This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York without reference to principles of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

conflicts of laws and *each of the parties hereto irrevocably consents to the jurisdiction and venue of the federal and state courts located in the State of New York*.

Powers Decl. ¶ 10; Mot. Exs. A-B (emphasis added.).

Upon examination, plaintiffs appear to have expressly consented in their employment agreements to *potential* venue in the Southern District of New York. Accordingly, venue is also proper in the Southern District of New York and defendants have satisfied their initial burden of demonstrating proper venue elsewhere.[1]

### B. Interests of Justice

The parties devote much of their argument to the forum selection clause in the employment agreements. The presence of a forum selection clause is a "significant factor" in a court's transfer analysis. Jones, 211 F.3d at 499. However, it is not dispositive. Id. The presence of a forum selection clause weighs slightly in favor of transfer here; however, where, as here, the clause is permissive rather than mandatory, the court may proceed to appropriately weigh all of the other factors relevant to transfer. See BrowserCam Inc. v. Gomez, Inc., No. C 08-02959 WHA, 2008 WL 4408053, at *5 (N.D. Cal. Sept. 26, 2008) (permissive forum selection clause is not sufficient ground for transfer of venue); Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG, 2014 WL 7338739, at *5 (W.D. Wash. Dec. 19, 2014) (determining that a forum selection clause is permissive and proceeding to weigh other factors relevant to an analogous

---

[1] In opposition to the foregoing conclusion, plaintiffs argue that the forum selection clause in the employment agreements is unenforceable as against public policy. However, plaintiffs incorrectly conflate *mandatory* forum selection clauses and *permissive* clauses. The forum selection clause at issue here is *permissive*. See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987) (finding analogous forum selection clause to be permissive, not mandatory, but nonetheless indicated consent to jurisdiction). Thus plaintiffs appear to have consented to New York as a *potential* forum but are not contractually limited to bringing claims in New York as the exclusive forum for disputes. Although California may have a public policy against strict enforcement of certain mandatory forum selection clauses, see California Labor Code § 925, plaintiffs do not cite any authority for the contention that employees cannot consent to a permissive forum-selection clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

forum non conveniens motion). Simply put, enforcement of the forum selection clause in this case does not require transfer because the forum selection clause does not provide for exclusive venue in New York. Accordingly, the Court proceeds with the traditional transfer analysis of which forum would serve the convenience of the parties and witnesses as well as whether the interests of justice favor transfer. See BrowserCam Inc., 2008 WL 4408053 at *5.

The interests of justice weigh significantly against transfer.

Both parties appear to agree that the following considerations are neutral: the differences in the costs of litigation in the two forums and the availability of compulsory process to compel attendance of unwilling non-party witnesses.[2] The Court finds that the following factors are also neutral: the location where the relevant agreements were negotiated and executed, the state that is most familiar with the governing law, and the ease of access to sources of proof. Although plaintiffs partially negotiated the employment agreements in person in New York, the parties also negotiated over the phone. Ultimately, the employment agreements were reviewed and executed in California. Furthermore, even if this case requires application of New York law, federal district courts "regularly apply the law of states other than the forum state." Rabinowitz v. Samsung Elecs. Am., Inc., No. 14-cv-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014). The relevant sources of proof appear to be witnesses residing in both districts and documentary evidence that can be used and transmitted in an electronic form. Accordingly, neither party persuasively argues that access to sources of proof should weigh for or against transfer. Finally, because neither party anticipates requiring the testimony of a non-party witness, the availability of compulsory process has no bearing on the analysis.

The respective parties' contacts with the Central District of California is also neutral. As discussed above, the employment agreements at the heart of the dispute were negotiated and executed in both California and New York. Additionally, plaintiffs' travel to New York appears to have been incidental to their work, which was primarily performed in California.

---

[2] Although defendant argues that it would be costlier for its witnesses to travel to Los Angeles than to remain in New York, transfer would impose analogous costs upon plaintiffs. As discussed below, the convenience of the witnesses appears to be either neutral or weigh only slightly in favor of transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

Ultimately, the interests of justice weigh against transfer because plaintiffs' choice of forum is entitled to substantial weight. Plaintiffs are California residents who principally worked in California during their employment for defendants. There does not appear to have been forum shopping that might undermine the weight ordinarily given to plaintiffs' choice of forum. Accordingly, the Court concludes that the interests of justice weigh in favor of denying the motion.

### C. Convenience of Parties and Witnesses

The convenience of non-party witnesses is typically considered to be the most important factor in evaluating a transfer. See Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005). However, here, neither party argues that any non-party witness is necessary to trial in this action.

Here, the convenience of the parties and party witnesses is mostly neutral. In support of their respective positions, parties submit that there are witnesses in both New York and California. Defendants argue that all of their key witnesses, including Cupcake's executive team and board members, live in New York. Powers Decl. ¶ 16. Plaintiffs argue, however, that only two of defendants' proposed witnesses are likely to have relevant testimony regarding the nonpayment of wages and other aspects of the lawsuit. Opp'n 12. Plaintiffs also argue that there are three witnesses in Cupcake's California office who may testify about plaintiffs' hours and work in California as well as defendants' failure to pay appropriate wages. Farrar Decl. ¶ 24; Sears Decl. ¶ 24.

Although defendants' declaration provides that a larger number of witnesses reside in New York, plaintiffs challenge the relevance of the testimony of all but two of them and similarly argue that there are important party-witnesses in California. The Court need not resolve exactly which of the parties' proposed witnesses will actually be necessary to trial. There appear at this time to be party-witnesses in both venues, some of whom will be inconvenienced by trial in either place. Accordingly, this factor weighs only weakly in favor of transfer, if at all.

Ultimately, in light of the foregoing considerations, the Court declines to transfer this action. The Court weighs the existence of a permissive forum selection clause and the possibility that a greater absolute number of witnesses reside in New York against plaintiffs' choice of the Central District of California as the forum. "[A] defendant must make a strong showing of inconvenience to warrant upsetting plaintiff's choice of forum."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:16-cv-04677-CAS-JEM | Date | January 26, 2017 |
|---|---|---|---|
| Title | GRAHAM FARRAR, ET AL. V. CUPCAKE DIGITAL, INC., ET AL. | | |

See <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986). Defendant has not done so here. Here, neither the inconvenience of the parties, nor consideration of other relevant factors upsets the weight the Court gives to the plaintiffs' choice of forum.

Accordingly, defendants have failed to satisfy their burden and defendants' motion is **DENIED**.

## V. CONCLUSION

Defendant's motion to change venue to the United States District Court for the Southern District of New York is hereby **DENIED**.

IT IS SO ORDERED.

                                                                      00 : 00
                                            Initials of Preparer        CMJ