**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-04677-CAS(JEMx) | Date | April 24, 2018 |
| Title | GRAHAM FARRAR ET AL. V. CUPCAKE DIGITAL, INC. ET AL. |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) - OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.'S MOTION TO WITHDRAW AS ATTORNEY FOR DEFENDANTS (Dkt. 41, filed March 28, 2017)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 30, 2018 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On May 5, 2016, plaintiffs Graham Farrar and Jack Sears filed this action in Santa Barbara County Superior Court against defendants Cupcake Digital, Inc. ("Cupcake"), Bradley Powers, and Does 1–20 (collectively, "defendants"). Dkt. 1 & Ex. A ("Compl."). Plaintiffs allege ten claims, namely, (1) declaratory relief; (2) breach of contract; (3) accounting; (4) unfair competition, pursuant to California Business and Professions Code § 17200 et seq.; (5) fraud; (6) negligent misrepresentation; (7) unpaid wages, pursuant to California Labor Code §§ 200, 201, 218.5, and 227.3; (8) unpaid minimum wages, pursuant to California Labor Code §§ 218.6, 1194, and 1194.2; (9) failure to timely pay wages at termination, pursuant to California Labor Code §§ 201-203; and (10) pay stub violations, pursuant to California Labor Code § 226.

On June 27, 2016, Powers filed a notice of removal to this Court on the basis of diversity jurisdiction and Cupcake filed a joinder in the removal. Dkt. 1, 4. On November 23, 2016, defendants filed a motion to transfer this case to the Southern District of New York. Dkt. 15. On January 26, 2017 the Court denied defendants' motion to transfer venue to the Southern District of New York. Dkt. 19.

On August 21, 2017, defendants' counsel, Mark S. Posard and Geneva Collins of Gordon Rees Scully Mansukhani, LLP, filed a request for approval of substitution of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04677-CAS(JEMx) | Date | April 24, 2018 |
| Title | GRAHAM FARRAR ET AL. V. CUPCAKE DIGITAL, INC. ET AL. | | |

attorney. Dkt. 35. On August 22, 2017, the Court granted the request and substituted Johnnie A. James of Ogletree, Deakins, Nash, Smoak & Steward, P.C. as counsel for defendants. Dkt. 37.

On March 28, 2018, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. filed the instant motion to withdraw as counsel of record for defendants.[1] Dkt. 41 ("Motion"). No opposition has been filed.

## II. DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R. 83–2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83–2.3.3.

Defendants' counsel asserts that despite diligent efforts, defendants and their counsel have been "unable to agree on strategy and/or approach in either resolving this matter or moving the case forward." Motion at 3 & Ex. 1, Declaration of Johnnie A. James, ("James Decl."), ¶ 3. Without being able to agree on a case strategy, defendants' counsel maintains that the case cannot move towards settlements and that counsel cannot properly defend the case in preparation for trial, which renders withdrawal necessary. Id. Defendants' counsel states that on March 10, 2018, defendants were given written notice of the motion for leave to withdraw, and that Cupcake—a corporate entity—was advised that it could not appear pro se and that failure to retain new counsel might result in adverse factual and legal findings or sanctions. Motion at 3–4; James Decl. ¶ 5. Defendants' counsel further provides that on March 12, 2018, he notified plaintiffs of his intention to withdraw. Motion at 3–4; James Decl. ¶ 6.

Upon consideration of the motion, the Court finds good cause to permit counsel to withdraw. The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel. Moore v. United States, No. 04-CV-423-FCD-JFM, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996); see also Cal. R. Prof. Conduct 3-700(C)(2) (providing that an attorney may seek to withdraw as counsel if "the continued employment is likely to result

---

[1] Plaintiffs' counsel does not object to the instant motion, and neither Cupcake nor Powers has filed an objection. Motion at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:16-cv-04677-CAS(JEMx) | Date | April 24, 2018 |
|---|---|---|---|
| Title | GRAHAM FARRAR ET AL. V. CUPCAKE DIGITAL, INC. ET AL. | | |

in a violation of the [Rules of Professional Conduct]"). A conflict of interest is present when "there has been an irreparable breakdown of the working relationship between counsel and client." Manfredi & Levine v. Superior Court, 66 Cal. App. 4th 1128, 1135 (1998) (citations omitted). Additionally, an attorney may seek to withdraw as counsel if the client "renders it unreasonably difficult for the [attorney] to carry out the [representation] effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). Defendants' counsel maintains that despite diligent efforts, counsel has been unable to reach an agreement with defendants on strategy and/or approach in either resolving this matter or moving the case forward. These assertions demonstrate an irreparable breakdown of the working relationship between counsel and client. See, e.g., Aceves, 51 Cal. App. 4th at 592; Cal. R. Prof. Conduct 3-700(C)(1)(d). Moreover, it does not appear that the proceedings will be delayed or that defendants will suffer injustice if counsel is permitted to withdraw, as trial in this matter is set for November 6, 2018. Accordingly, the Court finds that defendants' counsel should be permitted to withdraw.

## III. CONCLUSION

In light of defendants' failure to cooperate with their counsel, the instant motion is **GRANTED**. The Court hereby relieves Ogletree, Deakins, Nash, Smoak & Steward, P.C. as counsel for defendants.

Brad Powers may "appear pro se or appoint another attorney by a written substitution[.]" C.D. Cal. L.R. 83-2.3.3. However, Cupcake is a corporate entity and therefore may not appear pro se. C.D. Cal. L.R. 83-2.2.2. Counsel shall serve a copy of this minute order on both Powers and Cupcake forthwith, notifying Cupcake of its obligation to obtain counsel within **thirty (30)** days of the date of this order. C.D. Cal. L.R. 83-2.3.4. Counsel shall advise Cupcake that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default. Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |